UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR FRANTZ,

    Plaintiff,

             Case No. 04-CV-72904

vs.

             HON. GEORGE CARAM STEEH

CITY OF PONTIAC, et al.,

    Defendants.

_____/

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT, DENYING DEFENDANT CITY OF PONTIAC'S MOTION TO
DISMISS, AND GRANTING DEFENDANT CITY OF PONTIAC'S MOTION FOR LEAVE
TO FILE A CROSS CLAIM

INTRODUCTION

Currently pending in this case are plaintiff's motion for partial summary judgment and defendant City of Pontiac's motion for partial dismissal and for leave to file a cross claim. A status conference, rather than a hearing, was held on the hearing date for these motions, December 13, 2005, at which point the court took the motions under advisement pending certain action items and determined there would be no oral argument held on the motions. Defendant City of Pontiac was to file its proposed cross complaint by December 20, 2005, which it did. Defendant Union declined to file any supplemental briefing concerning those proposed claims. Since that time, supplemental briefing has been received by the court from plaintiff and defendant City of Pontiac on plaintiff's motion for partial summary judgment, which has been considered by the court in making the determination set forth below.

BACKGROUND

Plaintiff Arthur Frantz has been employed by the City of Pontiac's Fire Department since 1986.  Promotions have historically occurred in accordance with the terms of the applicable collective bargaining agreement, adopted in approximately 1984. That CBA is between defendant City of Pontiac (hereinafter "Pontiac") and the International Association of Firefighters, and establishes a quota system requiring that one out of every three promotions go to the highest scoring minority or female taker of the applicable test for the promotion sought.  This is accomplished by the creation of "dual lists;" one lists all candidates in total score order, and the second lists the names and scores of only minorities, including women.  If promotions using the first list do not result in one minority promoted out of every three promotions, names are drawn from the second list to accomplish this goal.

In March 2002, plaintiff obtained the fifth highest score on the test for the position of Fire Lieutenant for the City of Pontiac.  He alleges that because the first two candidates were white, defendant placed a minority candidate, who had received the 12th highest score, into the number three position.  Later, because the next two candidates were also white males, another minority candidate was again placed on the list ahead of plaintiff.  That candidate had received the 21st highest score on the test. Plaintiff asserts that when the list of scores was revised–or considered–in accordance with the requirements of the CBA, he was effectively moved to the seventh place in line for a promotion.  He contends that the terms of the CBA prevented him from receiving a promotion, which he was denied on the basis of his race.

2

Plaintiff filed his two-count complaint in July 2004.  The first count, brought under 42 U.S.C. § 1983, asserts that defendant's "racially discriminatory policies" have denied the plaintiff equal protection under the law, in violation of the 14th Amendment.  The second count asserts that defendant's discriminatory policy was made in "willful and reckless disregard" for the rights of the plaintiff, and denies "his right to contract," constituting a continuing violation of 42 U.S.C. § 1981.

<u>STANDARD FOR SUMMARY JUDGMENT</u>

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice.  The procedure is not a disfavored procedural shortcut.  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences therefrom must be construed in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio

3

Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532.  "[T]he mere existence of

some alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no genuine

issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)

(emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d

900, 907 (6th Cir. 2001).

        If the movant establishes by use of the material specified in Rule 56(c) that there

is no genuine issue of material fact and that it is entitled to judgment as a matter of law,

the opposing party must come forward with "specific facts showing that there is a

genuine issue for trial."  First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968);

see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).  Mere

allegations or denials in the non-movant's pleadings will not meet this burden, nor will a

mere scintilla of evidence supporting the non-moving party.  Anderson, 477 U.S. at 248,

252.  Rather, there must be evidence on which a jury could reasonably find for the non-

movant.  McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

DISCUSSION

        Plaintiff's motion for partial summary judgment, initially filed in May of 2005,

requested entry of judgment against the City of Pontiac as to liability.  Pontiac asserted,

in response, that plaintiff had not shown that Pontiac's affirmative action plan was

unconstitutional.  Thereafter, defendant City of Pontiac granted plaintiff the promotion

he sought, along with differential back pay retroactive to November 2003.  The Union

grieved that action.  Defendant City of Pontiac filed its motion for partial dismissal,

based on its actions in granting plaintiff the relief he requested in the lawsuit, and

4

moved to file a cross-claim against the Union for recovery against the Union if the trier of fact finds that "any aspect of Plaintiff's Complaint justifies recovery and/or judgment."

In its proposed cross-complaint, Pontiac asserts that at the time it entered into the affirmative action plan in agreement with the Union, Pontiac believed the plan to be lawful. It asserts that as the agreement was being negotiated, the Union willfully withheld material information from the discussions, including recommendations the Union had received from counsel concerning the plan's continued lawfulness.

Since the filing of Pontiac's proposed cross-complaint on December 20, 2005, plaintiff and Pontiac have filed several supplemental briefings concerning plaintiff's motion for partial summary judgment. Plaintiff requests that if the court grants his motion for summary judgment as to liability, "it should award Plaintiff affirmative relief in the form of an adjusted seniority date," and requests a seniority date earlier than that of a Lieutenant Martinez[1], citing Brunet v. City of Columbus, 1 F.3d 390, 412-13 (6th Cir. 1993).

In the Brunet case, the city followed a consent decree favoring the promotion of women, which was found to violate equal protection. In granting the relief sought by the male plaintiffs, the district court also ordered that two females' seniority be adjusted so that it was less than that of all males hired from the 1990 examination. The Sixth Circuit quoted the Supreme Court: "[a] district court has 'not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the

---

[1] This individual apparently got the promotion which would otherwise have gone to Frantz, in accordance with the affirmative action plan.

5

past as well as bar like discrimination in the future.' " <u>United States v. Paradise</u>, 480

U.S. 149, 183, (1987) (quoting <u>Louisiana v. United States</u>, 380 U.S. 145, 154 (1965)).

Pontiac argues against further adjustment of plaintiff's seniority date, asserting

that <u>Brunet</u> was about hiring, rather than promotion, and making other attempts to

distinguish the <u>Brunet</u> case.  However, regardless of the application of the <u>Brunet</u> case

to the one at bar, the appropriate remedy in this case is not readily determined at this

juncture.  Additionally, the court is convinced that consideration of this motion as to only

defendant Pontiac is piecemeal and inappropriate, as the remedies requested implicate

the Union every bit as much as defendant Pontiac.  Accordingly, the motion is denied

without prejudice pending a submission from the Union on this motion.  Such briefing,

not to exceed 10 pages, shall be submitted by March 31, 2006.  Plaintiff and defendant

Pontiac may file a responsive pleading on or before April 11, 2006.  Upon submission of

these papers, the court will again take the matter under advisement.

Concerning Pontiac's motion for partial dismissal, which requested "partial

dismissal for those aspects of the Complaint seeking the promotion and economic

damages (without waiver of Plaintiff's right for verifying calculation of the economic

damages)", that motion will be denied.  The record does not reflect a concession on the

part of Pontiac as to liability for any of plaintiff's claims, and plaintiff does not concede

satisfaction of his claims for either promotion (e.g., plaintiff is seeking a different

seniority date than that awarded by the city) or economic loss damages.  For those

reasons the court is not convinced that dismissal of any one of plaintiff's claims would

be appropriate at this juncture.

6

Finally, defendant Pontiac's motion to file a cross-claim will be granted.  Pontiac's proposed cross-claim was filed as a part of its supplemental brief to its motion for partial dismissal on December 20, 2005.  Although defendant Union opposes this request by Pontiac, in part citing the current trial date of May 9, 2006 and the passing of the discovery deadline, the court notes that it will consider any reasonable request made by the union for discovery.  The court will, therefore, grant the motion for filing of the proposed cross-claim, which shall be filed upon issuance of this order.

<u>CONCLUSION</u>

For the reasons stated above, plaintiff's motion for partial summary judgment is hereby DENIED without prejudice, with additional briefing to be submitted as discussed above; defendant Pontiac's motion for partial dismissal is hereby DENIED; and defendant Pontiac's motion to file a cross-claim is hereby GRANTED.

IT IS SO ORDERED.

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  March 10, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 10, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Secretary/Deputy Clerk

7