UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR FRANTZ,

       Plaintiff,

vs.

       Case No. 04-CV-72904

       HON. GEORGE CARAM STEEH

CITY OF PONTIAC, et al.,

       Defendants.
_____/

## ORDER GRANTING DEFENDANT CITY OF PONTIAC'S MOTION FOR SUMMARY JUDGMENT

This "reverse discrimination" lawsuit was filed in July 2004 by a long-term firefighter for the City of Pontiac. Currently before the court is defendant City of Pontiac's ("City") motion for summary judgment as to its remaining cross-claim, brought against co-defendant Local # 376, Firefighters Union, International Association of Firefighters Affiliated with AFL-CIO ("Union"), for contribution as to plaintiff's claims made under Michigan law.[1]

The City contends that prior to the 2002-04 Collective Bargaining Agreement, under which plaintiff asserts he was discriminated pursuant to its quota system, Union attorneys had shared information with Union officials raising questions concerning the continuing lawfulness of the quota program. The City proffers some evidence of this in attachments to its brief, such as a 1998 letter from counsel to former Union officials, and an affidavit of Larry Marshall, the director of human resources for the City of Pontiac. The City further contends the Union cannot produce any evidence that any City

---

[1] As a result of the court's May 18, 2006 order granting in part and denying in part defendant Union's motion to dismiss the City's cross-complaint, only the City's cross-claim for contribution under Michigan law remains.

representative in the bargaining process was aware of the "evolving law problem." Based on these assertions and argument, the City argues that this court "should find as a matter of law that the Union is entirely responsible for any damages that might be found in the event Mr. Frantz can establish an unlawful practice in connection with his delayed promotion." Alternatively, the City requests that the court "conclude that at the very least, the Union should bear a minimum 50% responsibility for the harms Mr. Frantz can establish."

The Union has not responded to the City's motion, thus the court will grant the motion to the extent the City requests a 50% contribution requirement on the part of the Union. When no response is filed to a summary judgment motion, the district court may rely upon the facts advanced by the movant. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1476-77 (6th Cir. 1989). The claim at issue in this motion is a state law claim for contribution, which will require a primary finding of liability on the part of defendants. Trial was set in this matter for September 12, 2006, which was adjourned as a result of the filing of this dispositive motion. Trial is hereby adjourned to **December 5, 2006 at 9:00 a.m.**, with a final pre-trial conference to be held **November 21, 2006 at 2:00 p.m.** The joint final pre-trial order is due November 14, 2006.

IT IS SO ORDERED.

Dated: September 15, 2006         s/George Caram Steeh
                                  GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 15, 2006, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---

2