UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR FRANTZ,

    Plaintiff,

vs.

Case No. 04-CV-72904

HON. GEORGE CARAM STEEH

CITY OF PONTIAC, et al.,

    Defendants.

_____/

ORDER DENYING DEFENDANT UNION'S MOTION FOR SUMMARY JUDGMENT AS TO THIRD AMENDED COMPLAINT COUNT II (DOC. # 93) AND SETTING PRE-TRIAL AND TRIAL DATES

Defendant Union contends in this motion that it is entitled to judgment as to the second count of plaintiff's third amended complaint under the applicable statute of limitations.[1] That count alleges a violation under the Elliott-Larsen Civil Rights Act, which is subject to a three year statute of limitations. Mich. Comp. Laws Ann. § 600.5805. Defendant asserts that the accrual of plaintiff's claim against the union was in the October 2001 execution of the collective bargaining agreement (CBA) alleged to have had discriminatory impact on the plaintiff in this civil rights case, and that its execution occurred more than three years before the court required joinder of the Union as a defendant under Fed. R. Civ. P. 19(a). The plaintiff's Second Amended Complaint, which first brought the Union into the case under order of the court, was filed March 30, 2005.

---

[1] This matter is ordered submitted on the briefs, pursuant to E.D. Mich. LR 7.1(e)(2).

In response, plaintiff argues that he did not suffer an adverse employment condition at the time the CBA was executed.  Rather, he argues, he was injured when he was denied a promotion to Lieutenant, and this first happened on November 1, 2003, less than three years prior to the filing of the Second Amended Complaint.

The court agrees with plaintiff's argument, which was adopted and elaborated on by defendant City of Pontiac.  Although defendant Union asserts that "[a] claim *can* accrue against a union at the time that it enters into a discriminatory collective bargaining agreement (emphasis added)," which does not affirmatively state that this is the only date plaintiff's claim could accrue, the court notes the federal cases cited by the Union prior to making this assertion have nothing to do with the date a claim accrues.  The unpublished Michigan Court of Appeals case appended to the Union's reply brief, Ramanathan v. Wayne State University Board of Governors, 2007 WL 28416 (Mich. App. 1/04/07), concluded that acts occurring outside a limitations period could be considered at the discretion of the trial court.  In that case, the Court of Appeals considered the Michigan Supreme Court's decision in Garg v. Macomb Co. Community Mental Health Services, 472 Mich. 263 (2005), which determined that the statute of limitations applicable to ELCRA claims could not be tolled by a continuing violations theory.

This case law cited by the parties is not particularly helpful in deciding this motion.  The parties agree that plaintiff's claim against the Union had to accrue in the three years prior to the filing of the Second Amended Complaint.  The question presented here, then, is whether plaintiff's claim against the Union accrued when the defendant City of Pontiac took adverse employment action against the plaintiff as a

result of following the CBA.  As defendant City of Pontiac points out, the plaintiff had no actual injury at the time the CBA was signed; rather, the injury occurred after the tests were taken, the lists were created, and action was taken on those promotion lists *pursuant to the CBA*.  The language of the statute of limitations provides:

> (1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.
> * * * * *
> (10) The period of limitations is 3 years after the time of the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property.

Mich. Comp. Laws Ann. § 600.5805.  A claim under the Elliott-Larsen Civil Rights Act accrues "at the time the wrong upon which the claim is based was done regardless of the time when the damage results."  Mich. Comp. Laws Ann. § 600.5827.

The court is convinced that the wrong complained of by plaintiff was denial of a promotion to Fire Lieutenant.  As the plaintiff and City note, plaintiff's injury would have been entirely speculative prior to that time.  Plaintiff cites to Joliet v. Pitoniak, 475 Mich. 30, 31-32 (2006), a decision which emphasizes the "plain language" of both the statute of limitations and accrual statute quoted above.  The court finds that the most straightforward application of these statutes to the case at hand results in an accrual date for plaintiff's Elliott-Larsen claim of November 1, 2003, the first time plaintiff was denied promotion to Lieutenant under the promotion list complained of in the case.

Accordingly, defendant Union's motion is DENIED.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the following dates shall amend the court's prior schedule for the case:

**Final Pre-Trial Order to be submitted on or before April 9, 2007.**

**Final Pre-Trial Conference will be held April 16, 2007 at 9:00 a.m.**

**Trial will commence April 24, 2007 at 9:00 a.m.**

Dated: March 21, 2007

                    S/George Caram Steeh
                    GEORGE CARAM STEEH
                    UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 21, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---